IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

ROGER NELSON, )
)
    Plaintiff, )
)
) NO. 2:03-0131
) JUDGE HAYNES
KENNETH BEAN, individually )
and in his official capacity as )
Sheriff of Jackson County, Tennessee, )
)
    Defendant. )

## MEMORANDUM

Plaintiff, Roger Nelson, filed this action under 42 U.S.C. § 1983 against the Defendant Kenneth Bean, individually and as Sheriff of Jackson County, Tennessee. The gravamen of Plaintiff's claims is that the Defendant fired Plaintiff for criticisms of Defendant's law enforcement techniques and policies in violation of Plaintiff's First Amendment right of speech. Plaintiff also asserts claims under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-30 as well as common law claims for retaliatory discharge and breach of an oral contract of employment.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 16) contending that the proof, including the statement of a witness listed by the Plaintiff, is that the Defendant terminated Plaintiff because of the Defendant's belief that Plaintiff was going to run against the Defendant in the next election. (See Docket Entry No. 20, Nelson Deposition at p. 23). In his response, Plaintiff asserts in essence that material factual disputes exist and that his proof is sufficient to support a judgment.

From the Court's review of Plaintiff's testimony on his First Amendment claim about his

criticisms of the Defendant's law enforcement techniques, Plaintiff's concerns were that informants in two drug cases were purchasing drugs with county funds and using a portion of the drugs prior to the arrest. Id. at p. 29 32. Yet, Plaintiff denies that this was done at the Defendant insistence. Id. Plaintiff told the Defendant about his concern and the Defendant told Plaintiff that he would make inquiries about this matter. Id. at p. 30. Eddie Mott, an employee of the Sheriff's office told Plaintiff that his concern is "going to be taken care of." Id. According to the Defendant, he agreed with Plaintiff and so told Plaintiff and Mott to inform the informer that if it occurred again the informer would be prosecuted. (Docket Entry No. 19, Bean Deposition at p 44).

As to the drug seizure policy, according to the Plaintiff, he told the Defendant that the the County could not prove that the items seized were purchased with drug proceeds, but the Defendant insisted that the person could file a claim to prove that the items were not purchased with illegal drug proceeds.

As to his termination, the only proof cited by Plaintiff is that Chris Flatt, an employee of the Sheriff's office told Plaintiff that Defendant was firing him because the Defendant heard Plaintiff was going to oppose the Defendant in the next election. Id. at p. 23. According to Plaintiff when he questioned the Defendant about why the Defendant was firing him, the Defendant responded that the Plaintiff and he "don't see things eye to eye." Id. at p. 37.

Plaintiff admits that he took $100 from the office drug fund to play golf, but explains that he did so when the official of the company donating computer equipment to the Sheriff's office requested him to play. Id. at p. 43-45. Plaintiff did so without the Defendant's permission and without completing a written receipt. (Docket Entry No. 19, Bean Deposition at pp.39-40)also

2

concedes that he did not go on a late night drug raid as requested by the Sheriff, citing his and other available employees' fatigue and the lack of third shift support. Id. at pp. 39-42.

In addition to these incidents, the Defendant cited the Plaintiff as stirring up dissension among the employees on pay issues as reported by five employees. (Docket Entry No. 19, Bean Deposition at 35-36, 38). The Defendant explained that he fired the Plaintiff because he lost his trust in him as his chief deputy. Id. at p. 47. The Defendant had heard reports from several persons, including family members, that the Plaintiff planned to run against him at the next election. Id. at p. 53.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276 (1986).

For his § 1983 claim, Plaintiff must prove that his cited criticisms were the motivating factor in the Plaintiff's termination. Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). A termination of a public employee who is perceived to be a future political appointment is not actionable under § 1983. Carver v. Dennis, 104 F.3d 847, 853 (6th Cir. 1997).

Upon review of the record, the Plaintiff's proof fails to show that his cited criticisms

3

were the motivating factor in his termination. The only cited proof as to the Defendant's motivation is from Flatt who told Plaintiff that the Defendant's motivation was politics that is not actionable grounds in this context under Carver. After a motion for summary judgment is filed, "[p]laintiff cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir. 1993) Thus, the Defendant's motion for summary judgment on Plaintiff's § 1983 claim should be granted.

Without a cognizable § 1983 claim, the Court lacks jurisdiction of the Plaintiff's state law claims, Wal-Juice Bar, Inc. v. Aleut, 899 F.2d 1502, 1504 (6th Cir. 1990) and Plaintiff's state law claims will be dismissed without prejudice.

An appropriate Order is filed herewith

ENTERED this the 19th day of July, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge